UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FILED
o'clock & min
JUL 5 2004
BRENDA K. ARGOE, CLERK
United States Bankruptcy Court
Columbia, South Carolina

| | |
|---|---|
| IN RE:<br><br>Sea Island Comprehensive Health Care Corp.,<br><br>Debtor. | C/A No. 04-00788-W<br><br>Adv. No. 04-80044-W<br><br>**ORDER**<br><br>Chapter 11 |
| Sea Island Comprehensive Health Care Corp.,<br><br>Plaintiff,<br><br>v.<br><br>William Pinder,<br><br>Defendant. | |

This matter comes before this Court upon the Demand for a Jury Trial of William Pinder ("Defendant") on issues raised in Sea Island Comprehensive Health Care Corporation's ("Debtor") complaint and counterclaims brought by Defendant. In addition to making the Demand for a Jury Trial, Defendant, in his answer to Debtor's complaint, denies that all causes of action alleged in the complaint and the counterclaims that Defendant filed are core proceedings subject to a final determination by this Court. In light of Defendant's desire to obtain a Withdrawal of Reference from this Court to the United States District Court for the District of South Carolina, this Court is required to determine whether the issues raised in this adversary proceeding are core, non-core related, or non-core unrelated proceedings pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. After hearing the parties' arguments, the Court makes the following findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure



ENTERED
JUL 7 2004
C.H.B.

52, which is made applicable to this proceeding pursuant to Federal Rule of Bankruptcy Procedure 7052.[1]

## FINDINGS OF FACT

1.  On January 22, 2004, Debtor filed for protection under Chapter 11 of the Bankruptcy Code.

2.  On February 26, 2004, Debtor commenced this adversary proceeding by filing a complaint ("Complaint") against Defendant. Defendant is a former employee of Debtor. During his tenure with Debtor, Defendant served as the acting CEO and CFO. Debtor alleges that Defendant abused his authority and breached fiduciary duties owed to Debtor while acting as CEO and CFO by fraudulently inducing Debtor to provide Defendant with a pre-petition secured promissory note (the "Note") in the amount of $322,000 and a pre-petition mortgage (the "Mortgage") encumbering certain real property of Sea Island as security.

3.  In the Complaint, Debtor pleads a first cause of action that asks the Court to deem the Note and Mortgage *void ab initio* because Debtor's Board of Directors did not authorize the issuance of such instruments. In a second cause of action, Debtor seeks to have the Note and Mortgage declared unenforceable because Defendant provided no consideration.

4.  Debtor also pleads additional causes of action as follows: (1) breach of fiduciary duty, (2) breach of employment contract, (3) breach of contract accompanied by a fraudulent act, and (4) fraud.[2]

5.  Despite the variety of the causes of action alleged, the relief that Debtor ultimately seeks is an order from this Court declaring that the pre-petition Note and pre-petition Mortgage issued

---

[1] To the extent any of the following Findings of Fact constitute Conclusions of Law, they are adopted as such, and to the extent any Conclusions of Law constitute Findings of Fact, they are also adopted as such.

[2] The Complaint incorrectly numbers count six (6) as count seven (7). However, there are only six (6) total causes of action alleged.

2

to Defendant are void, invalid, unenforceable, and must be stricken from the public records as a recorded interest in Debtor's real property.

6. On March 29, 2004, Defendant filed a Motion to Dismiss and Strike Complaint. On April 16, 2004, this Court issued an Order denying Defendant's Motion to Dismiss.

7. On April 30, 2004, Defendant filed an answer and pleaded the following causes of action as counterclaims against Debtor: (1) a judgment on the amounts owed under the Note, (2) foreclosure of the Mortgage on Debtor's property, collections of amounts due on the Note, and a declaration of the Mortgage's priority, (3) an award of damages pursuant to S.C. Code Ann. §§ 41-10-10 through 100 for Debtor's failure to pay wages owed to Defendant, and (4) an award of damages pursuant to S.C. Code Ann. §§ 41-10-10 through 110 for Debtor's failure to pay pre-petition wages owed to Defendant as compensation for Defendant's accrued annual leave and sick leave. In the answer, Defendant also demanded a trial by jury.

8. On May 4, 2004, Debtor filed a response to Defendant's counterclaims.

9. During a status conference concerning jurisdictional matters and Defendant's right to a trial by jury, Defendant asserted that he did not dispute that Debtor's adversary proceeding was brought to determine the extent and validity of Defendant's Mortgage. However, Defendant also asserted that other factors had to be considered in order to make a core/non-core determination on the issues before the Court.

## CONCLUSIONS OF LAW

The Court will first determine whether the causes of action in Debtor's Complaint and Defendant's counterclaims are core or non-core matters. 28 U.S.C. § 157(b)(3)("The bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding otherwise related to a

3

case under title 11."). Following the core/non-core determination on the issues raised in this adversary, the Court will also address Defendant's Demand for a Jury Trial on the issues raised in Debtor's Complaint and the counterclaims that Defendant has asserted.

### I. Core/Non-Core Determination

A preliminary review of the pleadings indicates that the causes of action alleged by Debtor and Defendant appear to be premised upon state law causes of action. Nevertheless, the critical issues being litigated by the parties concern claims against Debtor's bankruptcy estate. The claims in question can be succinctly characterized under the following: (1) claims related to judgment on a pre-petition Note and enforcement of a pre-petition Mortgage and (2) claims pertaining to collection of pre-petition wages and compensation that Defendant allegedly earned from Debtor. Although the nature of these claims gives rise to separate and distinct grounds for their classification as core matters, they are, nonetheless, subject to the following applicable precepts.

Section 157(a) of Title 28 provides:

> Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

28 U.S.C. § 157(a). In the District of South Carolina, Title 11 matters are referred to bankruptcy judges under 28 U.S.C. § 157(a). Local Civil Rule 83.IX.01 D.S.C. "In determining whether a proceeding is core or non-core, both the form and the substance of the proceeding must be examined." Hudgins v. Shah (In re Systems Eng'g & Energy Mgmt. Assocs.), 252 B.R. 635, 643 (Bankr. E.D. Va. 2000)(internal quotations omitted). Furthermore, 28 U.S.C. § 157 must be interpreted keeping in mind (1) that Congress passed it in response to the defects revealed in the United States Supreme Court's decision in Northern Pipeline Constr. Co. v. Marathon Pipe Line,

4

Co., 458 U.S. 50 (1982), and (2) that Northern Pipeline remains good law, even if perhaps narrowed by subsequent decisions. Humboldt Express, Inc. v. The Wise Co., Inc. (In re Apex Express Corp.), 190 F.3d 624, 631 (4th Cir. 1999). Furthermore, the state law origin of claims asserted in a proceeding is not dispositive of whether a proceeding is core or related to a bankruptcy. In re Systems Eng'g & Energy Mgmt. Assocs., 252 B.R. at 642. See also 28 U.S.C. § 157(b)(3)("A determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by state law.").

Generally, core matters are proceedings "arising under" or "arising in" Title 11. See Millennium Studios, Inc. v. Man Roland, Inc. (In re Millennium Studios, Inc.), 286 B.R. 300, 305 (D. Md. 2002)(citing Wood v. Wood (In re Wood), 825 F.2d 90, 97 (5th Cir. 1987)); Dunes Hotel Assocs. v. Hyatt Corp. (In re Dunes Hotel Assoc.), Nos. 94-75715-W, 95-8223-W, 1996 WL 33340785, at *3 (Bankr. D.S.C. July 11, 1996). Non-core matters, on the other hand, are proceedings that may or may not be "related to" Title 11. See Canal Corp. v. Finnman (In re Johnson), 960 F.2d 396, 399 (4th Cir. 1992)("[t]hree classes of controversies can arise before a bankruptcy court: core proceedings, non-core related proceedings, or non-core unrelated proceedings"). Proceedings "arising under" Title 11 are proceedings that invoke a substantive right created by the Bankruptcy Code. Tate v. NationsBanc Mortgage Corp. (In re Tate), 253 B.R. 653, 661-62 (Bankr. W.D.N.C. 2000). Proceedings "arising in" Title 11 are those proceedings that are not based on any right expressly created by the Bankruptcy Code, but nevertheless, would have no existence outside of a bankruptcy case. Bergstrom v. Dalkon Shield Claimants Trust (In re A.H. Robins Co.), 86 F.3d 364, 371 (4th Cir. 1996). In the Fourth Circuit, a civil case is "related to" a bankruptcy if the outcome of the civil proceeding could conceivably have any effect on the estate being administered in bankruptcy. New Horizon of N.Y. LLC v.

5

Jacobs, 231 F.3d 143, 151 (4th Cir. 2000), *cert. denied*, 532 U.S. 1052 (2001)(quoting Owens-Illinois, Inc. v. Rapid Am. Corp. (In re Celotex Corp.), 124 F.3d 619, 625 (4th Cir. 1997)).

    *A.    Claims Relating to Validity, Enforceability, Extent, and Priority of the Note and Mortgage are Core Proceedings pursuant to 28 U.S.C. § 157(b)(2)(B) &(K)*

Defendant concedes that Debtor initiated this adversary proceeding in order to determine the extent and validity of Defendant's Mortgage. Furthermore, Defendant filed a counterclaim seeking judgment on the Note, enforcement of his foreclosure rights under the Mortgage and establishing the priority of the Mortgage on the real property it encumbers. 28 U.S.C. § 157(b)(2)(K) states "Core proceedings include, but are not limited to- determinations of the validity, extent, or priority of a lien." Additionally, 28 U.S.C. § 157(b)(2)(B) states "Core proceedings include, but are not limited to – allowance or disallowance of claims against the estate." Therefore, the causes of action alleged in Debtor's Complaint and the Defendant's counterclaim, which addresses the Note and Mortgage, are substantively core proceedings because they concern judgment on the Note against the Debtor's bankruptcy estate, enforcement of foreclosure rights under the Mortgage, and establishing the Mortgage's priority in relation to other lien holding creditors. 28 U.S.C. §§ 157 (b)(2)(B) & (K). See Branding Iron Motel, Inc. v. Sandlian Equity, Inc. (In re Branding Iron Motel, Inc.), 798 F.2d 396, 399 n.3 (10th Cir. 1986)("In this case, the controversy involving the note and mortgage is inextricably tied to the bankruptcy proceeding because it affects the liquidation of assets, and comes within the ambit of "core proceedings" as defined in 28 U.S.C. § 157(b)(2)").

    *B.    Claims Relating to Note and Mortgage and Compensation are Core Matters because Defendant has filed them against Debtor's Estate*

Not only do the causes of action and counterclaims concerning the Note and Mortgage substantively give rise to this Court's core jurisdiction pursuant to 28 U.S.C. § 157, Defendant

has also submitted to the equitable jurisdiction of this Court and is, thereby, subject to this Court's core jurisdiction by filing counterclaims against Debtor. Pisgah Contractors, Inc. v. Rosen (In re Pisgah Contractors, Inc.), 215 B.R. 679, 682 (W.D.N.C. 1995)("Moreover, by asserting a counterclaim against the debtor in the adversary proceeding, the [defendants] subjected themselves to the equitable power of the Bankruptcy Court."). The term "claim" under the bankruptcy laws includes virtually all legal or equitable rights to payment and is construed broadly. Anderson v. Simchon (In re Southern Textile Knitters, Inc.), 236 B.R. 207, 210 (Bankr. D.S.C. 1999) (quoting In re Allied Companies, Inc., 137 B.R. 919 (S.D. Ind. 1991)). Defendant's counterclaims constitute the filing of claims against Debtor's bankruptcy estate. By submitting claims against Debtor's bankruptcy estate in the form of counterclaims seeking a judgment of the pre-petition Note, enforcement of the pre-petition Mortgage, and collection of pre-petition obligations arising from compensation that Defendant allegedly earned from Debtor, Defendant becomes a participant in the Court's claims allowance process and submits to this Court's equitable jurisdiction to allow and disallow claims against Debtor's bankruptcy estate. See Langenkamp v. Culp, 498 U.S. 42, 44 (1990)(per curiam)("In Granfinanciera we recognized that by filing a claim against a bankruptcy estate the creditor triggers the process of 'allowance and disallowance of claims,' thereby subjecting himself to the bankruptcy court's equitable power."). As a participant in the Court's equitable claims allowance and disallowance process, Defendant is subject to the restructuring of debtor-creditor relations, which is at the core of the federal bankruptcy power. 28 U.S.C. § 157(b)(2)(B). See Humboldt Express, Inc. v. The Wise Co. (In re Apex Express Corp.), 190 F.3d 624, 632 (4th Cir. 1999)(noting that the Supreme Court observed that the restructuring of debtor-creditor relations is a public right and holding that the core/non-core distinction should depend upon the connection the claim has to this public right);

Buena Vista Television v. Adelphia Communications Corp. (In re Adelphia Communications Corp.), 307 B.R. 404, 418 (Bankr. S.D.N.Y. 2004) ("As in Katchen [v. Landy, 382 U.S. 323 (1966)], having filed claims, the Copyright Owners subjected themselves to the bankruptcy court's equitable power- triggering the claims allowance process, which is at least a matter "arising in" cases under Title 11. This adversary proceeding is thus a core matter for that reason alone."). Therefore, this Court has the authority to fully adjudicate Debtor's adversary proceeding and address Defendant's counterclaims as core matters because the Court's power to allow or disallow claims includes the full power to inquire into the validity of any alleged debt or obligation of the bankrupt upon which a demand or claim against the estate is based. Katchen v. Landy, 382 U.S. 323, 329 (1966).

## II.  Jury Trial Determination

This Court must also determine whether Defendant's submission to this Court's equitable jurisdiction constitutes a loss of the Seventh Amendment right to a jury trial. In re Southern Textile Knitters, Inc., 236 B.R. at 209. If so, the Court need not determine whether Defendant is entitled to a trial by jury on the issues raised by Debtor's Complaint and Defendant's counterclaims pursuant to Granfinanciera, S.A. v. Nordberg, 492 U.S. 33 (1989).

The United States Supreme Court in Langenkamp held that once the claimant has submitted to a court's equitable jurisdiction by triggering the claims allowance process, there is no Seventh Amendment right to jury trial. Langenkamp v. Culp, 498 U.S. at 44-45. See also Katchen v. Landy, 382 U.S. at 336-337 ("although petitioner might be entitled to a jury trial on the issue of preference *if he presented no claim* in the bankruptcy proceeding and awaited a federal plenary action by the trustee, when the same issue arises as part of the process of allowance and disallowance of claims, it is triable in equity . . . and as the proceedings of

bankruptcy courts are inherently proceedings in equity, there is no Seventh Amendment right to a jury trial for determination of objections to claims")(emphasis added)(internal citations omitted); Lu v. Grant (In re Sunshine Trading & Transp. Co., Inc.), 193 B.R. 752, 756 (Bankr. E.D. Va. 1995)(holding that the fact that creditor did not file a proof of claim but instead filed a counterclaim seeking a recovery from the bankruptcy estate does not overcome the loss of the Seventh Amendment right to a trial by jury when the claims allowance process and the bankruptcy court's equitable jurisdiction is triggered); Murray v. Richmond Steel & Welding Co. (In re Hudson), 170 B.R. 868, 873-74 (E.D.N.C. 1994) (Filing of counterclaim against estate triggers non-jury, public rights process of the allowance and disallowance of claims in bankruptcy). Therefore, by pursuing a share of the bankruptcy estate by filing the previously referenced counterclaims against Debtor, Defendant submitted to the equitable jurisdiction of the bankruptcy court and lost his Seventh Amendment right to a trial by jury.

*Conclusion*

For the reasons stated herein, the Court concludes that all the issues raised by Debtor's complaint and Defendant's counterclaims are core proceedings subject to the entry of an appropriate Order by this Court pursuant to 28 U.S.C. § 157(b)(1), and that Defendant's Demand for a Jury Trial is denied because Defendant has submitted to the equitable jurisdiction of this Court.

**AND IT IS SO ORDERED.**

_____
UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina
July 6, 2004