F I L E D
at ___ O'clock & ___ min ▪
NOV 2 ? 2004
BRENDA K. ARGOE, CLERK
United States Bankruptcy Court
Columbia, South Carolina (9)

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re,<br><br>Sea Island Comprehensive Health Care Corp.,<br><br>　　　　　　　　　　　　Debtor. | C/A No. 04-00788<br><br>Adv. Pro. No. 04-80044 |
| Sea Island Comprehensive Health Care Corp.,<br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>William Pinder,<br>　　　　　　　　　　　　Defendant. | Chapter 11<br><br>**ORDER** |

This matter comes before the Court during the trial of the referenced adversary proceeding upon Sea Island Comprehensive Health Care Corp.'s ("Plaintiff") hearsay objection. Plaintiff raised the objection in order to preclude William Pinder ("Defendant") from entering a newspaper article into evidence. For the reasons stated below, the Plaintiff's objection is sustained.

During the course of this adversary proceeding, Defendant offered a newspaper article (the "Article") authored by Herb Frazier ("Frazier") to prove that William Runyon ("Runyon"), corporate counsel for Plaintiff, and other members of Plaintiff's board of directors (hereinafter referred to as the "Board Members") uttered certain statements that constitute admissions by Plaintiff. Pursuant to Fed. R. Evid. 802, Plaintiff objected to admitting the Article into evidence because the Article constitutes a hearsay statement. Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c).

**ENTERED**
NOV 2 9 2004
**C.H.B.**

Plaintiff correctly characterized the Article as hearsay because Defendant offers the Article, an out-of-court statement made by Frazier, to prove that Runyon and the Board Members uttered the statements that Frazier reported in the Article. See Jacobson v. Deutsche Bank, A.G., 206 F.Supp.2d 590, 594 (S.D.N.Y. 2002)(characterizing a newspaper article as hearsay when offered to prove that statements were made by an individual). Fourth Circuit precedent views newspaper articles as inadmissible hearsay to the extent they are introduced to prove the factual matters asserted therein. See Gantt v. Whitaker, No. 02-1340, 2003 WL 152856, at *7 (4th Cir. Jan. 23, 2003)("This circuit has consistently held that newspaper articles are inadmissible hearsay to the extent that they are introduced to prove the factual matters asserted therein.")(internal quotations omitted). However, Defendant may admit the Article if he provides an applicable exception to Fed. R. Evid. 802.

During the trial, Defendant argued that the Court should admit the Article into evidence as an admission made by Plaintiff. However, this argument fails to provide adequate grounds for admitting the Article into evidence to prove that Runyon and the Board Members uttered the statements that Frazier reported because Frazier's act of attributing certain comments to Runyon and various Board Members do not constitute admissions by the Plaintiff. Before the Court can recognize Runyon and the Board Members' statements as admissions by the Plaintiff, Defendant must first prove that they uttered the statements that Frazier reported. Without the entry of the Article into evidence establishing the fact that Runyon and the Board Members uttered the comments reported by Frazier in the Article, Defendant has not established a sufficient evidentiary foundation enabling the Court to recognize the comments in the Article as admissions by the Plaintiff since Frazier did not testify that Runyon and the Board Member uttered the statements that he reported in the

2

Article. Accordingly, Defendant's argument to enter the Article into evidence as an admission by Plaintiff, without first providing a sufficient evidentiary foundation for entering the Article to prove that Runyon and the Board Members actually made the statements therein, does not provide adequate grounds to overrule Plaintiff's hearsay objection.

In light of Defendant's examination of Frazier and his submissions to the Court, Defendant appears to argue that the Court should admit the Article into evidence as the recorded recollection of Frazier. See Fed. R. Evid. 803(5). Fed. R. Evid. 803(5) provides that a recorded recollection is not subject to the hearsay rule, and defines a recorded recollection as:

> A memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable the witness to testify fully and accurately, shown to have been made or adopted by the witness when the matter was fresh in the witness' memory and to reflect that knowledge correctly.

Parsing the language of Fed. R. Evid. 803(5) indicates that a document is admissible over a hearsay objection as a past recollection recorded if (1) the witness once had knowledge about the matters in the document, see Sadrud-Din v. Chicago, 883 F.Supp. 270, 274 (N.D. Ill. 1995)(noting that the witness who authored an article to be admitted into evidence testified that he recalled conducting a series of interviews with police officers concerning the article), (2) the witness has an insufficient recollection to testify fully and accurately, see Jacobson v. Deutsche Bank, A.G., 206 F.Supp.2d at 597 ("a necessary predicate of [Fed. R. Evid. 803(5)], however, is that there be a 'witness' with an 'insufficient recollection.'"), (3) the record was made at a time when the matter was fresh in the witnesses memory, see In re Fischer, 259 B.R. 23, 38 (Bankr. E.D.N.Y. 2001), rev'd on other grounds, No. 01-CV-2717, 2001 WL 1923359 (E.D.N.Y. 2001)(holding that the proponent of a newspaper article into evidence did

3

not establish a sufficient foundation to apply Fed. R. Evid. 803(5) because the proponent failed to demonstrate that the article was authored by the witness when the events documented in the article were fresh in the witness' memory), and (4) the record accurately reflects the witness' knowledge. See generally, Russell, Bankruptcy Evidence Manual, 2004 Ed., § 803.5.

The circumstances of this case are similar to the facts presented in In re Fischer. Here, Defendant, as the proponent of admitting the Article into evidence, failed to establish that Frazier authored the Article while the events giving rise to the Article were fresh in his memory. Therefore, Defendant failed to establish a sufficient foundation for admitting the Article into evidence pursuant to Fed. R. Evid. 803(5).

Defendant cites to In re Columbia Sec. Litigation, 155 F.R.D. 466 (S.D.N.Y. 1994), for the proposition that the Article is admissible into evidence pursuant to Fed. R. Evid. 807, which provides a residual exception to the hearsay rule. However, "[t]he residual exception to the hearsay rule is intended to be used sparingly." Boca Investerings P'ships v. United States, 128 F.Supp.2d 16, 22 (D.D.C. 2000). Columbia Securities Litigation is factually distinguishable from this case because the foundation for admitting the Article into evidence that Defendant provided to this Court is not as complete and detailed as the foundation offered to the court in Columbia Securities Litigation.

Much like the party that attempted to admit an article into evidence in Columbia Securities, Defendant had the author of the Article testify before this Court. However, in Columbia Securities, the party attempting to admit a newspaper article into evidence also established the following evidentiary foundation:

4

(1)    the author took contemporaneous notes as she interviewed the declarant who made a relevant out-of-court statement during the interview;

(2)    the author of the article was integrally involved throughout the article's editing process; and

(3)    the author reviewed the final version for accuracy.

Furthermore, the author of the article at issue in <u>Columbia Securities Litigation</u> testified and provided copies of notes that she contemporaneously took while interviewing an out-of-court declarant.

In this case, although Frazier testified that he generally takes notes when investigating and researching topics for an article, Frazier did not testify that he specifically took contemporaneous notes while interviewing Runyon and the various Board Members mentioned in the Article. Frazier also stated that he had no recollection of the Article and did not provide the Court with the notes he used to author the Article. Additionally, Frazier did not provide any testimony indicating that he was integrally involved in the editing process and that he reviewed the final version of the Article for accuracy. Therefore under the circumstances in this case, Defendant did not provide a foundation similar to the one described in <u>Columbia Securities</u>; and thus, the Court finds insufficient grounds to apply Fed. R. Evid. 807.

Therefore, in light of the forgoing analysis, Plaintiff's hearsay objection to Defendant's use and introduction of the Article is sustained.

**AND IT IS SO ORDERED.**

_____
UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina
_11/29_, 2004

5